## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| TREY GARNER, #248321, | ) | |
| | ) | CIVIL ACTION NO. 0:06-0021-GRA-BM |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF SOUTH CAROLINA; | ) | **REPORT AND RECOMMENDATION** |
| and HENRY D.MCMASTER, | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF SOUTH CAROLINA; | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petition was filed on December 28, 2005.[1]

The Respondents filed a return and motion for summary judgment on March 13, 2006. As the Petitioner is proceeding pro se, a Roseboro order was filed on October 10, 2006, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. The Petitioner thereafter filed a response in opposition on November 20, 2006. This matter is now before the Court for disposition.[2]

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988). See Order filed January 20, 2006, at n. 1.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondents have filed a motion for summary judgment.



## **Procedural History**

Petitioner was indicted in September 1997 in Richland County for murder (Indictment No. 97-GS-40-21496); attempted armed robbery (Indictment No. 97-GS-40-21497); and conspiracy to armed robbery (Indictment No. 97-GS-40-21498). (R.pp. 648-653). Petitioner was represented by James P. Rogers, Esquire. After a trial by jury on March 9 - 12, 1998, Petitioner was found guilty as charged. (R.pp. 1-583). Petitioner was sentenced to a mandatory minimum term of not less than thirty (30) years for murder, five (5) years, consecutive, for attempted armed robbery, and five (5) years, concurrent, for conspiracy. (R.pp. 582-583).

Petitioner filed a timely notice of appeal, and raised the following issues in his direct appeal:

> 1. The trial judge erred in failing to direct a verdict, or alternatively, ordering a new trial, on the murder charge and the attempted armed robbery charge when the testimony from the principal and the other witnesses demonstrated that the act resulting in murder was not an attempt to commit armed robbery, rather the crime acted on was the murder of a storekeeper and not an act of the criminal conspiracy.

> 2. The trial judge erred in failing to declare a mistrial when the state improperly admitted evidence of a general criminal intent by the inference of gang activity, when gang activity was not an allegation against defendant and only worked to create an inference of guilt from bad character.

> 3. The trial judge erred in admitting State Exhibit 16, a photograph of the murder site including the victim's blood, when the prejudicial effect of the bloody scene outweighed the possible probative value of the evidence.

See Petition, p. 1.

The South Carolina Supreme Court affirmed Petitioner's conviction pursuant to Rule 220(b)(1), SCACR. State v. Garner, Mem. Op. No. 107 (filed August 23, 2000).

---

As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Petitioner then filed an Application for Post-Conviction Relief ("APCR") on August 20, 2001. Petitioner asserted the following claims in his APCR:

1. Ineffective Assistance of Counsel;

2. Subject matter jurisdiction; and

3. Ineffective assistant appellate counsel.

(R.p. 586).

An evidentiary hearing was held on Petitioner's APCR on January 21, 2004, at which Petitioner was present and represented by John S. Simmons, Esquire. (R.pp. 596-635). On March 24, 2004, the PCR judge filed an amended order of dismissal denying the petition in its entirety. (R.pp. 636-647).[3]

Petitioner appealed the denial of his APCR to the State Supreme Court. Petitioner was represented by Joseph L. Savitz, Acting Chief Attorney of the S.C. Office of Appellate Defense, who filed a <u>Johnson</u>[4] petition requesting to be relieved as counsel and raising the following issue:

Defense counsel did not provide effective assistance when he failed to object to evidence that petitioner was a drug dealer who intended to use the proceeds from the robbery to buy crack cocaine.

<u>See</u> Petition, p. 2.

The South Carolina Supreme Court granted counsel's petition to be relieved and denied the petition for writ of certiorari on December 2, 2005. The Remittitur was sent down on December 20, 2005.

In his <u>pro</u> <u>se</u> Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following claims:

---

[3]The only order submitted to the Court is styled "Amended Order of dismissal with Prejudice". No original order, if there was one, has been submitted or discussed.

[4]<u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988). <u>See</u> <u>also</u> <u>Anders v. California</u>, 386 U.S. 738, 744 (1967).

3



1.  Ineffective assistance of trial counsel deprived Appellant of fair trial in violation of due process.  Const. Amends 5, 6.

Appellant trial counsel failed to enter an objection to either the direct-examination of McLemore or the redirect examination of Lemon or the prosecution's argument during closing . . .

Appellant trial counsel advised him not to testify because he could be cross-examined on unduly prejudicial character evidence . . . Appellant contends trial counsel's advice was in error since trial counsel did not get a ruling from the trial judge to see if the prosecution could actually question the defendant on unrelated character evidence . . .

Appellant trial counsel failed to enter an objection to either the direct or redirect examination of McLemore or the direct examination of Lemon . . .  (Improper bolstering by prosecutor)

Appellant trial counsel failed to enter an objection to the prosecution's statements during closing argument.  In argument to the jury, the prosecutor commented on the appellant's right against self incrimination . . ."

**Ground Two:** Insufficient evidence adduced to support state court convictions. U.S. Const. 14.

**Ground Three:** U.S. Const. Amend. 6 and 14.

The state was allowed to elicit testimony that implicated appellant in gang activity.

**Ground Four**: U.S. Const. Amend. 6 and 14.

In this instance, defense counsel objected to three photographs (state's 15, 16, 17) depicting the counter area of the store where victim was shot . . . prejudicial.

See Petition, pp. 6-11 & Attachments.

## **Discussion**

The underlying facts concerning the crime at issue were established at the trial as follows: On Sunday, October 27, 1996, the Petitioner, Jermaine McLemore, and Daymon Lemon resolved to rob a store run by Joe Brooks.  Petitioner provided Lemon with a gun, and he and McLemore waited in the car while Lemon went inside.  Instead of attempting to first rob Brooks,

4



Lemon immediately shot Brooks several times, killing him.  Lemon then searched for money before returning to the car.  The trio drove off and later disposed of the gun and clothing used in the crime. (R.pp. 196-201, 203-204, 207-215, 219-223, 254, 257-258, 264-274).

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire Petition is without merit.  Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto,  405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I(a)

In the first allegation in Ground One of his Petition, Petitioner contends that his counsel was ineffective for failing to object to the admission of character evidence elicited from witnesses for the State and to the Assistant Solicitor's closing argument.  These issues were raised in Petitioner's APCR, where he had the burden of proving his allegations.[5]  Butler v. State, 334

---

[5]Although Respondent contends that this issue (along with Petitioner's other ineffective assistance of counsel issues ) is procedurally barred since these claims were not raised in Petitioner's PCR appeal, the undersigned notes that Petitioner's PCR appellate counsel filed a Johnson petition. Since the issues presented in this habeas petition were raised in Petitioner's APCR and his appellate counsel filed a Johnson petition, the undersigned has proceeded to discuss all of these claims on the



S.E.2d 813, 814 (S.C. 1985), <u>cert.</u> <u>denied</u>, 474 U.S. 1094 (1986).

Following the PCR hearing, the PCR Court made relevant findings of fact and conclusions of law with respect to these issues in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended.  The PCR court made the following findings of fact with regard to this issue:  1) that the Petitioner's testimony regarding the deficiencies of his trial counsel's representation for failing to object when the co-defendants testified that they robbed the store to get money to buy cocaine was not credible; 2) that trial counsel's testimony concerning this matter was credible; 3) that trial counsel testified that at least one of the co-defendants testified that the purpose of the robbery was to get money to buy drugs; 4) that counsel testified that he did not object because he believed it reasonably offered an explanation of why the robbery had occurred, may have been useful to attack the co-defendant's credibility, and was a minor issue in comparison to any references regarding gang activity; 5) that counsel's decision was based on reasonable trial strategy and his representation was professionally reasonable in this regard;  6) that the evidence was in any event properly admitted as <u>res</u> <u>gestae</u> of the crime; 7) that the probative value of the evidence outweighed the danger of its undue prejudicial effect; 8) that the Petitioner could not prove the inadmissibility  of the evidence; 9) that even if the evidence was not admissible under <u>res</u> <u>gestae</u> and the prejudicial effect of this evidence exceeded its probative value, the Petitioner failed to show prejudice; 10) that the admission of this evidence would be harmless error because the Petitioner was not prejudiced by its admission since there was overwhelming evidence of his guilt; 11) that both co-defendants testified at Petitioner's trial that Petitioner came up with the plan to rob the store and participated in the crime; 12) that both

---

merits.  <u>DuPree v. Padula</u>, 2006 WL 784244 (D.S.C. March 27, 2006); <u>cf</u> <u>King v. State</u>, 417 S.E.2d 868 (S.C. 1992)[careful consideration of the entire record is required by <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988)].



testified that Petitioner provided the gun and directed the shooting of the store owner; 13) that one co-defendant testified that it was Petitioner's idea to get rid of the gun by throwing it off a bridge; 14) that the other co-defendant testified that Petitioner made him burn his clothes; 15) that a neighbor who lived next door to the store testified that he saw the Petitioner and the co-defendants together shortly after the incident; 16) that there was overwhelming evidence of Petitioner's guilt and he was therefore not prejudiced by the admission of this evidence; 17) that the allegation that counsel was ineffective for failing to object to testimony regarding gang activity was also without merit; 18) that Petitioner himself admitted that counsel objected when the co-defendant testified that he (the co-defendant) had a tattoo (which allegedly could be tied to gang membership); 19) that counsel also testified that he objected to the mention of a tattoo; 20) that counsel also admitted that the co-defendant's testimony did not link the tattoo to Petitioner because the co-defendant did not testify as the Assistant Solicitor had believed that he would; 21) that counsel further testified that he moved for a mistrial because he knew that the Petitioner had the same tattoo and, if the Petitioner chose to testify, it would come out that Petitioner was part of a gang; 22) that the trial court denied the motion for a mistrial because it found that there was no prejudice since the tattoo had not been linked to the Petitioner; 23) that counsel testified that he did not move for a curative instruction because the co-defendant's testimony on the tattoo had not linked it to the Petitioner and to do so would only draw attention to it; 24) that counsel did renew his motion for a mistrial on these grounds; 25) that Petitioner's testimony regarding deficiencies of trial counsel for failing to object to the Solicitor's closing argument that related to drug and gang activity was not credible; 26) that Petitioner testified that the Assistant Solicitor referenced gang activity during his closing arguments; 27) that the record indicated that the Assistant Solicitor merely stated, "this gang, this group"; 28) that trial counsel



testified that the Assistant Solicitor did not make an overt reference to gang activity; 29) that counsel testified that he did not want to draw the jury's attention to the comment; 30) that there was no logical link between the off-handed comment and the fact that the Petitioner was involved in gang activity; 31) that counsel's decision was clearly sound trial strategy and counsel was not deficient; and 32) that counsel's failure to object to the Solicitor's comments in his closing argument related to drug activity was sound trial strategy and counsel was not deficient.  (R.pp. 636-642).

Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d at 311-312 (4th Cir. 2000) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland, 466 U.S. at 698; Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Nevertheless, since Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the



deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. After careful review and consideration of the arguments and materials filed with the Court, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].



First, the undersigned has reviewed the trial transcript with regard to the Petitioner's co-defendants' testimony concerning drugs. (R.pp. 200-201, 259-260, 333-334). The record reveals that McLemore testified that Petitioner wanted to buy cocaine with the expected proceeds of the store robbery and that Lemon sold drugs for the Petitioner. (R.pp. 200-201, 219). Lemon testified that he owed Petitioner money because Lemon "messed the money up" in a drug deal and they were going to buy crack with the money from the robbery. (R.pp. 259-260). Petitioner's counsel testified at the PCR hearing that, in hindsight, he should have objected to this testimony of McLemore and Lemon, but that he felt the testimony regarding the drug activity of McLemore and Lemon was minor and was inconsistent, and he believed he could successfully cross examine them. (R.pp. 617, 627). The PCR court found that counsel articulated a valid strategic reason for not opting to object, that the testimony was admissible in any event, and that even if the evidence was not admissible under res gestae[6] and the prejudicial effect of this evidence exceeded its probative value, Petitioner had failed to show prejudice in his case due to the overwhelming evidence of his guilt. The undersigned agrees. There is no basis in this record to overturn the findings of the State Court. Evans, 220 F.3d at 312.

While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional

---

[6] As found by the PCR Court, the res gestae theory "recognizes that evidence of other bad acts may be needed to aid the fact finder in understanding the context in which the crime occurred," citing to State v. Owens, 552 S.E.2d 745, 753 (S.C. 2001). (R.p. 640). See also Anderson v. State, 581 S.E.2d 834, 836 (S.C. 2003).



assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. <u>Id.</u> at 688-689; <u>Bunch v. Thompson</u>, 949 F.2d 1354 (4th Cir. 1991), <u>cert. denied</u>, 505 U.S. 1230 (1992); <u>Horne v. Peyton</u>, 356 F.2d 631, 633 (4th Cir. 1966), <u>cert. denied</u>, 385 U.S. 863 (1966); <u>Burger v. Kemp</u>, 483 U.S. 776 (1987); <u>see also</u> <u>Harris v. Dugger</u>, 874 F.2d 756, 762 (11th Cir. 1989), <u>cert. denied</u>, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.].   Under this standard, Petitioner has not shown that his counsel was ineffective in failing to object to the testimony regarding drugs.

Furthermore, even assuming arguendo that Petitioner's counsel should have objected to the testimony, the record contains overwhelming evidence of his guilt.  Both co-defendants testified that Petitioner came up with the plan to rob the store and participated in the crime.  (R.pp. 196-224, 251-273).  Both testified that Petitioner provided the gun and directed the shooting of the store owner.  (R.pp.  200, 203, 214, 257, 269-271, 279-280).  One of the co-defendants testified that it was Petitioner's idea to get rid of the gun by throwing it off a bridge, while the other co-defendant testified that Petitioner made him burn his clothes.  (R.pp.   221, 223, 274-275).   Other testimony offered at trial also linked Petitioner to the co-defendants. Since there was overwhelming evidence of Petitioner's guilt, Petitioner has not shown that he was prejudiced by the admission of the evidence concerning drug activity.

With regard to the Assistant Solicitor making reference to a "gang" in his closing argument, Petitioner's counsel testified that there had been no evidence introduced to link Petitioner to a gang and that he did not want to draw additional attention to the term. (R.pp. 621-622). Based upon a review of the transcript, the use of the word "gang" in the Solicitor's closing argument was not, as correctly found by the PCR judge, a reference to gang activity, but was a reference to the



group of individuals who had committed this crime. (R.p. 534). The undersigned does not find that Petitioner's counsel was ineffective for failing to object to this reference,[7] nor was the state court's decision an unreasonable determination of the facts under <u>Evans</u>.

In sum, the record supports the PCR judge's conclusion that counsel was not ineffective. Petitioner has also failed to show prejudice, or that his trial was rendered fundamentally unfair by the admission of evidence concerning drugs, or show how he was prejudiced by counsel's failure to object to the Solicitor's vague reference to a "gang" in his closing argument. This claim is without merit and should be dismissed. <u>Williams v. Taylor</u>, <u>supra</u>. <u>Bell</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; <u>Fisher</u>, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

### I(b)

Petitioner also argues in Ground One of his Petition that trial counsel was ineffective in failing to request an "acid test" of admissibility of evidence regarding the alleged drug deals and gang activity before he advised the Petitioner not to testify. As presented during his PCR proceedings (and therefore preserved for review), Petitioner claimed that trial counsel was ineffective for persuading him not to testify. The PCR judge made the following findings in denying this claim: 1) that counsel testified that he told the Petitioner about his right to testify; 2) that counsel also testified that he explained to Petitioner that it was in his best interest not to testify because he could

---

[7]As previously noted, Petitioner's counsel did earlier object to testimony from a co-defendant about the co-defendant's tattoo that counsel was concerned could possibly link Petitioner to gang membership. (R.pp. 277-279).



be cross-examined on his tattoo and, therefore, on his involvement in gang activities; and 3) that

Petitioner admitted that he decided not to testify because he did not want this information to come

out to the jury. (R.pp. 644-645).

Again, substantial deference is to be given the state court's findings of fact, and

Petitioner has the burden of rebutting the presumption of correctness given the state court's findings

by clear and convincing evidence. See, discussion supra; 28 U.S.C. § 2254(e)(1).     Also, as

previously discussed, since Petitioner's ineffective assistance of counsel claim was adjudicated on

the merits by the South Carolina state court, this Court's review is limited by the deferential standard

of review set forth in §2254(d)(1), as interpreted by the Supreme Court in Williams v. Taylor, supra.

See Bell v. Jarvis, supra; see also Fisher, 215 F.3d at 446; Evans, 220 F.3d at 312.

Upon review of the record and materials in the file consistent with the applicable

caselaw, I do not find that the Petitioner was denied effective assistance of counsel with respect to

this claim.  Petitioner testified at his PCR hearing that his trial counsel wrongly advised him to

decline to testify at trial. However,  Petitioner has not shown how counsel was ineffective for giving

him this advice.  Petitioner's trial counsel testified he advised Petitioner that testifying could subject

him to questions regarding his drug activity. (R.p. 624).  Counsel also stated that he felt the decision

not to testify was Petitioner's decision. (R.pp. 623-624).  For his part, Petitioner admitted that he did

not testify because his counsel told him that he could be cross examined regarding gang activity and

past drug deals.  (R.pp. 608-609).

There is no basis in this record to overturn the findings of the State Court. Evans, 220

F.3d at 312.  Again, while the decisions of trial counsel are always subject to being second guessed

with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration



do not constitute ineffective assistance of counsel. <u>Strickland</u>, 466 U.S. at 689; <u>Bunch v. Thompson</u>, <u>supra</u>;  <u>Horne</u>, 356 F.2d at 633; <u>Burger v. Kemp</u>, <u>supra</u>; <u>see</u> <u>also</u> <u>Harris</u>, 874 F.2d at 762.  Petitioner has not shown that his counsel was ineffective for advising him of possible vulnerable areas where he could be cross examined if he chose to testify, or that he was prejudiced by his failure to testify. Petitioner's arguments to the contrary are mere speculation and conjecture.  Nor has Petitioner shown that the state court's rejection of this claim was unreasonable. <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Williams v. Taylor</u>, <u>supra</u>.  <u>Bell</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].    Petitioner's claim that his counsel was ineffective on this ground is without merit, and should be dismissed. <u>Fisher</u>, 215 F.3d at  446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

### I(c)

Petitioner also asserts in Ground One of his Petition that his trial counsel was ineffective in failing to object to the Assistant Solicitor's closing argument in which he allegedly commented on Petitioner's failure to testify.  Petitioner raised this issue in his APCR, and the PCR judge made the following findings in denying this claim: 1) that the allegation that trial counsel was ineffective for failing to object to the Assistant Solicitor's "uncontroverted testimony" comments during his closing argument was without merit; 2) that Petitioner testified that he believed that the comments referenced his failure to testify, which was against his right against self-incrimination and

14



that this prejudiced him; 3) that the Assistant Solicitor's statements were proper and did not refer to Petitioner's decision to remain silent; 4) that they were comments on the evidence which had been presented by the prosecution; 5) that even if the comments did reference Petitioner's decision not to testify, it would be harmless error; 6) that the trial court's instruction that the jury may not consider a defendant's failure to testify in any way and may not use it against him is normally sufficient to cure any potential error; 7) that in this case, the trial judge clearly charged the jury that the State had the burden of proof to establish the Petitioner's guilt beyond a reasonable doubt and instructed the jury that they could not consider the Petitioner's failure to testify in any way during their deliberations or in deciding whether or not he was guilty; 8) that the comments were not improper, and even if they were, the jury charges negated any potential error.  (R.pp. 643-644).

   The PCR court's finding that the Solicitor's comment was not improper was not unreasonable under <u>Evans</u>.  220 F.3d at 312.  The Respondents correctly point out that none of the examples cited by the Petitioner refer to his decision not to testify at trial, and do not constitute an improper comment on the Petitioner's failure to testify.  (R.pp. 531-532, 535-536, 538).  <u>Cf</u>, <u>Graham v. Dormire</u>, 212 F.3d 437, 440  (8th Cir. 2000); <u>Robinson v. Crist</u>, 278 F.3d 862, 866 (8th Cir. 2000). Rather, these comments reflect the State's theory that the statements from Petitioner's co-defendants were consistent and that no evidence produced at trial brought those statements into dispute.  <u>United States v. Carter</u>, 236 F.3d 777, 784 (6th Cir. 2001)[A prosecutor is entitled to argue reasonable inferences from the evidence.]  While Petitioner correctly argues that "[t]he state may not use a defendant's exercise of his right to remain silent to obtain his conviction"; <u>Jones v. Slotts</u>, 59 F.3d 143, 146 (10th Cir. 1995); that is not what occurred in this case. The issue is

> whether there has been an impermissible comment on a defendant's right to remain
> silent . . . by determining whether the language used was manifestly intended or was

15



> of such character that the jury would naturally and necessarily take it to be a comment on the defendant's right to remain silent. The contested use of the statement must be considered in the context in which the use was made. United States v. Toro-Pelaez, 107 F.3d 819, 826-827 (10th Cir. 1997)(citations, quotations omitted) . . . Error in permitting the prosecutor to comment upon petitioner's right to silence is subject to a harmless error analysis.

Pickens v. Gibson, 206 F.3d 988, 998 (10th Cir. 2000).

Here, since Petitioner's trial counsel argued that the co-defendants' testimony and statements were not consistent, the prosecutor could fairly respond to the claim by arguing that the co-defendants' statements, as well as the Petitioner's statement,[8] was indicative of Petitioner's guilt. United States v. Robinson, 485 U.S. 25, 32 (1988). No ineffective assistance of counsel has been shown, and the PCR court's rejection of this claim neither resulted in a decision that was contrary to clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented.

This claim is without merit and should be dismissed. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; Strickland, 466 U.S. at 694.

## I(d)

Petitioner's final argument in Ground One of his Petition is that his trial counsel was ineffective in failing to object to the Assistant Solicitor's alleged bolstering of the State's witnesses. Petitioner raised this issue in his APCR, and the PCR judge made the following findings in denying

---

[8]Although Petitioner did not testify at trial, he made a statement during a police interview that was admitted at trial. (R.p. 354).

16



this claim: 1) that the allegation that counsel was ineffective for not objecting to the bolstering of testimony during closing argument was without merit; 2) that a solicitor has a right to state his version of the testimony and can comment on how much weight such testimony should be given; and 3) that Petitioner failed to prove that the Assistant Solicitor's comments were inappropriate.  (R.p. 643).

While the PCR judge's specific findings seem to relate more to the alleged bolstering of witness testimony during the prosecutor's closing argument, Petitioner bases his argument more on the prosecutor's actual questioning of the witnesses, and trial counsel's failure to object to this line of questioning. Specifically, Petitioner contends that the Assistant Solicitor was vouching for McLemore and Lemon by posing questions to them in the first person, to which his counsel should have objected.  (R.pp.  191-192, 245-246, 250-251,  257). The undersigned does not find, however, that the State Court's rejection of this claim was unreasonable.

It is a fundamental precept of American criminal jurisprudence that a prosecutor may not do or say anything that denies a defendant due process.  Cf Donnelly v. DeChristoforo, 416 U.S. 637 (1974); Berger v. United States, 295 U.S. 78, 88 (1935).  In this regard, it is improper for the prosecution to vouch for the credibility of a government witness.  "Vouching occurs when the prosecutor indicates a personal belief in the credibility or honesty of a witness; bolstering is an implication by the government that the testimony of a witness is corroborated by evidence known to the government but not known to the jury." United States v. Sullivan, 455 F.3d 248, 259 (4th Cir. 2006), citing United States v. Sanchez, 118 F.3d 192, 198 (4th Cir. 1997).   Here, however, the questions posed by the prosecution in this case, and objected to by the Petitioner,  did not indicate a personal belief in the credibility or honesty of the witnesses such as to constitute improper



"vouching". Cf Ivey v. Catoe, 36 Fed.Appx. 718, 733 (4th Cir. May 26, 2002); Acosta v. Snow, No. 88-3186), 1990 WL 37824 at * 3 (S.D.N.Y. Mar. 28, 1990). Furthermore, since no improper vouching or bolstering occurred, trial counsel was not ineffective for failing to object to the questions asked on that basis.

Finally, even assuming arguendo that the questions should have been phrased differently, the Petitioner has not shown prejudice, as he has failed to show that given the isolated nature of the questions and the overall strength of the government's case, his trial was rendered fundamentally unfair based upon these isolated questions. Bates v. Lee, 308 F.3d 411, 422 (4th Cir. 2000). This claim is without merit. Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

## II.

In Ground Two of his Petition, Petitioner contends that there was insufficient evidence to support his conviction. Respondents argue that this issue was not exhausted at the state level, and is therefore procedurally barred from consideration by this Court. However, the undersigned finds that Petitioner did raise the substance of this issue in his direct appeal, and that this Court should therefore consider this claim on the merits.

To avoid a procedural default, an issue must be presented face up and squarely to the South Carolina Supreme Court for review. See Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default [of a claim], the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the



ground relied upon [to] be presented face-up and squarely.  Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting <u>Townes v. Murray</u>, 68 F.3d 840, 846 (4th Cir. 1995)(quoting <u>Mallory v. Smith</u>, 27 F.3d 991, 995 (4th Cir. 1994)).  In his direct appeal, Petitioner argued that the trial court erred by failing to grant a directed verdict in his case when the evidence did not support his conviction. While simply making an oblique reference will not suffice, the issue now raised by Petitioner in this federal petition is essentially the same issue he presented to the South Carolina Supreme Court on direct appeal.  Therefore, this issue is not procedurally barred from consideration by this Court.

As for the merits, it is clear that this claim goes to the sufficiency of the evidence. While such a claim is cognizable on collateral review, a federal court's review of such claims is "sharply limited." <u>Wilson v. Greene</u>, 155 F.3d 396, 405 (4th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1012 (1998)(quoting <u>Wright v. West</u>, 505 U.S. 277, 296 (1992)); <u>see also</u> <u>Evans-Smith v. Taylor</u>, 19 F.3d 899, 905 (4th Cir. 1994)["The standard is obviously rigorous."].  "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." <u>Wilson</u>, 155 F.3d at 405-406 (citing <u>Wright</u>, 505 U.S. at 292).  Therefore, the Petitioner is entitled to relief only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." <u>Wilson</u>, 155 F.3d at 406 (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 324 (1979)); <u>see also</u> <u>George v. Angelone</u>, 100 F.3d 353, 357 (4th Cir. 1996); <u>Bradley v. State</u>, No. 04-1278, 2005 WL 3475770 at *6 (D.S.C. Apr. 5, 2005). Further, since the State Supreme Court considered and rejected this claim, federal relief can be granted only if this Court finds the state court's decision to have been unreasonable or contrary to federal law.  <u>Evans</u>, 220 F.3d at 312.



Petitioner was convicted as a principal on the charges under the theory of "the hand of one is the hand of all." "[I]n South Carolina, one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose." <u>Bradley</u>, No. 04-1278, 2005 WL 3475770 at *6 (citing <u>State v. Langley</u>, 515 S.E.2d 98, 101 (S.C. 1999)). With respect to the crimes committed in this case, "[w]hen two or more combine together to commit a robbery and, during the robbery, a homicide is committed as a natural and probable consequence, all present and participating in the robbery are as guilty of the killing as the one committing the homicide." <u>State v. Avery</u>, 509 S.E.2d 476, 481 (S.C. 1999).

Respondents concede that, as a general proposition of law, a conspirator is not responsible for a murder committed by a co-conspirator as an independent act; i.e., an act growing out of some private motive unconnected to the original common design. <u>See</u> 40 C.J.S. Homicide § 25 (1991). However, Respondents argue that was not the situation in this case, noting that the evidence showed the Petitioner himself had instructed Lemon to shoot the victim. (R.p. 269). The evidence also reflects that Petitioner's assertion that Lemon did not attempt to rob the victim is not supported by the record, as Lemon testified that his purpose on entering the store was to rob it and that after he shot the victim he looked for money to steal before fleeing. (R.pp. 251-271).

"When several people pursue a common design to commit an unlawful act and each takes the part agreed upon or assigned to him in an effort insure the success of the common undertaking, 'the act of one is the act of all and all are presumed to be present and guilty." <u>State v. Chavis</u>, 290 S.E.2d 412, 413 (S.C. 1982)(quoting <u>State v. Gilbert</u>, 93 S.E. 125, 126 (1917)). The issue of whether the murder was a natural and probable consequence of the robbery was properly one



for the jury in this case; <u>State v. Curry</u>, 636 S.E.2d 649, 660 (S.C.Ct.App. 2006)[dissent](citing 3 Am.Jr. Proof of Facts 2d 551, <u>Homicide Outside of common Design</u>, 6 (2005)); and "a federal court reviewing the sufficiency of the evidence on collateral attack must consider the evidence in the light most favorable to the prosecution and must presume that the jury resolved any conflicts over the historical facts in the [state's] favor." <u>Wilson</u>, 155 F.3d at 406. Here, Petitioner has failed to show that no rational trier of fact could find him guilty of the charges. Therefore, this allegation is without merit and should be dismissed.

### III.

In Ground Three of his Petition, Petitioner contends that the state was improperly allowed to elicit testimony that implicated him in gang activity. Petitioner raised this issue in his direct appeal and the South Carolina Court denied relief on this ground. However, while otherwise exhausted, this is an issue of state law, and "[i]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991)["federal habeas corpus relief does not lie for errors of state law"]. Federal courts must afford the State deference in its determination regarding evidence and procedure. Cf <u>Crane v. Kentucky</u>, 476 U.S. 683, 690 (1986)["we have never questioned the power of the States to exclude evidence through the application of evidentiary rules that themselves serve the interests of fairness and reliability, even if the defendant would prefer to see that evidence admitted"]. Even if the state court's admission of this evidence was error under state law, it is well-established that "a state court's misapplication of its own law does not generally raise a constitutional claim. The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." <u>Smith v. Horn</u>, 120 F.3d 400, 414 (3d Cir. 1997)(citations omitted),

21



cert. denied, 522 U.S. 1109 (1998).

Admissibility rulings will support the grant of federal habeas relief only when the alleged error infringes upon a specific constitutional right or is so prejudicial that it amounts to the denial of due process. See Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir.), cert. denied, 488 U.S. 928 (1988). Hence, the issue before this federal court is not whether the trial court erred in admitting this evidence, but whether the admission resulted in a trial so fundamentally unfair as to deny Petitioner due process of law. Rainer v. Dep't of Corrections, 914 F.2d 1067, 1072 (8th Cir. 1990), cert. denied, 489 U.S. 1099 (1991). No such evidence has been presented in this case, and the undersigned can find no federal violation in this record.

At trial, Lemon testified that the murder of Joe Brooks "entitled" him to have the word "outlaw" tattooed on his arm. While Petitioner alleges that the tattoo implicated him in gang activity, Lemon's testimony only references his having received the tattoo *after* the murder. Furthermore, when Lemon was asked who authorized him to have the tattoo, he replied, "Nobody did. I wanted it so I thought the only way I can be down to get it is to be down." (R.pp. 278-279). The record further reflects that, after Lemon's testimony, the Solicitor informed the Court, outside the presence of the jury, that Lemon had stated to the Petitioner and McLemore in the car immediately after he shot Joe Brooks:

> I got in and Jermaine said did you do it. I said yes. Trey hollered out "Thug life." Trey said you did it. I said, yeah, I didn't get the money but Joe Brooks is dead. I had assumed he was going to die. Trey and Jermaine said that I earned my outlaw.

(R.p. 327). However, the Court did not allow this statement to be admitted into evidence. (R.p. 330). No constitutional error appears in this record.

In sum, Petitioner has failed to present evidence sufficient to show that the state



court's rejection of this claim amounts to a federal violation warranting federal habeas relief.  Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; Turner, 845 F.2d at 169; Rainer, 914 F.2d at 1072; Smith v. Horn, 120 F.3d at 414.  There was no connection made between Lemon's tattoo and gang activity at Petitioner's trial.  Furthermore, there was no evidence introduced that Petitioner had a tattoo or was associated in any way with a gang.  The undersigned has previously addressed Petitioner's allegation regarding a reference to a "gang" in the Solicitor's closing argument and found that allegation to be without merit.  See discussion (Ground I (b)), supra.  Therefore, this claim is without merit and should be dismissed.

## IV.

In Ground Four of his Petition, Petitioner contends that photographs of the crime scene (photographs 15, 16 & 17) were admitted in error because the prejudicial effect of their admission outweighed their probative value.    Respondents argue that there is no federal constitutional claim implicated by the admission of the photographic evidence at Petitioner's trial.

This issue was raised in Petitioner's direct appeal and the South Carolina Supreme Court denied relief on this ground.  However, as was the case with Petitioner's claim in Ground Three of this Petition, this claim (Ground Four), although otherwise exhausted, is also an issue of state law.  The relevancy, materiality, and admissibility of photographs is left to the sound discretion of the trial court; State v. Nance, 466 S.E.2d 349, 353 (S.C. 1996); State v. Kornahrens, 350 S.E.2d



180, 185 (S.C. 1986); and if the photo serves to corroborate testimony, its admission is not an abuse of discretion.  Id. See also State v. Kelly, 460 S.E.2d 368, 370 (S.C. 1995).

        The record reflects that the prosecution wanted to introduce these three photographs of the crime scene, but that after objection by defense counsel, the Court sustained the objection with respect to photographs 15 and 17, while allowing only the introduction of photograph 16. (R.pp. 144-148)[9]. The trial court weighed the prejudicial effect of these photographs against their probative value when deciding to exclude the two other similar photographs.  (R.p. 147).  Photograph 16, however, in addition to not being overly graphic, also corroborated the testimony of William H. Mann, a forensic investigator with the Richland County Sheriff's Department.  (R.pp. 169-170). While Petitioner argues that the state court should not have admitted this photograph, "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." Estelle, 502 U.S. at 67 ["federal habeas corpus relief does not lie for errors of state law"].  See discussion (Ground III), supra.

        Although Petitioner phrases this issue as a violation of the Fourteenth Amendment, he offers no specific assertions as to how his *federal* rights were violated by admission of this photograph, and has failed to even respond to Respondents' assertion that no federal claim has been asserted. Since Petitioner has failed to present the substance of a federal constitutional claim with regard to the admission of the photograph, this issue should be dismissed.

### Conclusion

        Based on the foregoing, it is recommended that Respondents' motion for summary

---

[9]Photographs 15 and 17 were excluded because they were repetitious and more graphic than photograph 16. (R.p. 147).



judgment be **granted**, and that this federal Petition be **dismissed**, with  prejudice.

The parties are referred to the Notice Page attached hereto.

_____

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

January 5, 2007



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

